# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
## No. 17-1365V
## Filed: April 2, 2019
UNPUBLISHED

|  |  |
|---|---|
| ROBERT J. SCHAEFFER, | |
| Petitioner, | Special Processing Unit (SPU); |
| v. | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Matthew Joseph Devoti, Casey & Devoti, St. Louis, MO, for petitioner.*
*Gabrielle Manganiello Fielding, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On September 28, 2017, Robert J. Schaefer ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS"), as a result of an influenza ("flu") vaccine he received on November 24, 2015. Petition at 1. On January 29, 2019, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 37.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On February 25, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 41.   Petitioner requests attorneys' fees in the amount of $11,072.00 and attorneys' costs in the amount of $1,395.54.  *Id.* at 2.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  ECF No. 45.  Thus, the total amount requested is $12,467.54.

Respondent did not file a reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reason listed below.

## I.        Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S., at 434.

## II.       Discussion

### A.  Travel Time

On August 7, 2017, attorney Matthew Devoti billed 1.3 hours as, "Traveled to Southfield Family Medicine, meet with Dr. Jack Galbraith and Laura Frame (St. Anthony's Medical Center General Counsel), return travel to office." ECF No. 41-1 at 16.

In the Vaccine Program, special masters traditionally have compensated time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). However, special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50% award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.* As Mr. Devoti block billed his travel time with the meeting time the undersigned can no differentiate the amount spent on travel. Therefore, the undersigned reduced the entry by 50%. This results in a total reduction of **$227.50**.

## IV.   Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $12,240.04[3] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Matthew Joseph Devoti.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.